# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| O'REILLY AUTO ENTERPRISES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:17-03007-CV-RK |
| | ) |
| UNITED STATES FIRE INSURANCE | ) |
| COMPANY, WESTCHESTER SURPLUS | ) |
| LINE INSURANCE COMPANY, | ) |
| CONTINENTAL CASUALTY | ) |
| COMPANY, COLUMBIA CASUALTY | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant United States Fire Insurance Company's Motion for Summary Judgment on Count I. (Doc. 184.) The motion is fully briefed. (Docs. 185, 204, 214.) Oral argument on the motion was held on January 9, 2020. (Docket Entry 226.) For the reasons below, the motion for summary judgment on Count I is **DENIED**.

## I.      Background

Plaintiff O'Reilly Auto Enterprises, LLC ("Plaintiff" or "O'Reilly") brings this insurance dispute lawsuit against four insurance carriers relating to coverage for certain asbestos personal injury lawsuits. Defendant United States Fire Insurance Company ("U.S. Fire") is a primary insurance carrier, and the remaining three defendants are excess/umbrella carriers: Westchester Surplus Lines Insurance Company ("Westchester"), Continental Casualty Company ("Continental"), and Columbia Casualty Company ("Columbia"). Plaintiff's First Amended Complaint asserts two counts: Breach of Contract/Vexatious Refusal against U.S. Fire (Count I) and Declaratory Judgment against all defendants (Count II). In the pending motion, U.S. Fire seeks summary judgment on Count I of Plaintiff's Amended Complaint.

Plaintiff is the successor-in-interest to Grand Auto, Inc. ("Grand Auto"). Industrial Indemnity, San Francisco, CA ("Industrial Indemnity") issued two polices to Grand Auto identified as Policy No. SG851-5539 ("Policy 5539") and Policy No. SG857-2271 ("Policy 2271") (collectively, the "U.S. Fire Policies"). U.S. Fire holds Industrial Indemnity's rights and

obligations under the U.S. Fire Policies.[1]  Policy 5539 provided coverage for the period of May 22, 1984, to May 22, 1987.  Policy 2271, at the time it was issued, provided coverage for the period of May 22, 1987, to May 22, 1990.

At some point prior to November 1, 2012, U.S. Fire provided Plaintiff with a defense and indemnity for asbestos-related bodily injury lawsuits filed against Grand Auto (the "Asbestos Suits") under the U.S. Fire Policies.  In correspondence dated November 1, 2012, U.S. Fire incorrectly declared Policy 5539 to be exhausted.  U.S. Fire's declaration of exhaustion was based on a mistaken belief that Policy 5539 had total limits of $1,500,000 for Policy's 5539 three-year term.  However, Endorsement 11, which was effective May 22, 1985, had increased the total limits for the three-year term to $2,500,000.  As a result of the incorrect declaration of exhaustion of Policy 5539 on November 1, 2012, U.S. Fire began allocating all losses for the Asbestos Suits to Policy 2271.  In correspondence dated August 14, 2013, U.S. Fire incorrectly declared Policy 2271 to be exhausted, and as of that date, stopped providing Plaintiff with defense and indemnity for the Asbestos Suits.

U.S. Fire denies that it had a copy of Endorsement 11 in its files at the time it declared Policy 5539 exhausted and submits an affidavit indicating that its best re-creation of Policy 5539 as of September 6, 2013, did not include Endorsement 11.  According to U.S. Fire, the original Policy 5539 was delivered to Plaintiff and U.S. Fire does not maintain the original files.  At the time U.S. Fire received discovery requests from Plaintiff during this litigation, Endorsement 11 as well as other documents showing an aggregate limit of $2.5 million were in U.S. Fire's possession.

Plaintiff filed this lawsuit in November 2016, which U.S. Fire subsequently removed to this Court.  In October 2018, U.S. Fire and Plaintiff entered into a Partial Release and Settlement Agreement ("Partial Settlement").  Under the terms of the Partial Settlement, U.S. Fire paid Plaintiff a certain sum and agreed it would provide Plaintiff with a defense and indemnity for "all pending and future asbestos lawsuits" until the aggregate policy limits of Policy 5539 and Policy 2271 are exhausted.  At oral argument, the parties represented to the Court that as of that date (January 9, 2020), the policy limits of Policy 5539 and Policy 2271 are not yet exhausted.

---

[1] For purposes of this Order, references to Grand Auto and Plaintiff are considered interchangeable, as are references to U.S. Fire and Industrial Indemnity.

The relevant portions of the Partial Settlement are as follows:

RECITALS

M. Subsequent to the filing of [this lawsuit], O'Reilly and US Fire have determined that the annual aggregate limits of liability under [Policy 5539] were $500,000 for the annual period May 22, 1984 to May 22, 1985, $1,000,000 for the annual period May 22, 1985 to May 22, 1986, and $1,000,000 for the annual period May 22, 1986 to May 22, 1987.

. . .

P. O'Reilly and US Fire have agreed to settle and resolve O'Reilly's claim for vexatious refusal to pay and defend claims under [Policy 2271] and/or [Policy 5539] on the terms and conditions stated herein.

AGREEMENT

. . .

1. Payment to O'Reilly: . . . U.S. Fire . . . will pay O'Reilly [$984,130.78] . . . [which] represents reimbursement to O'Reilly for payments it made in excess of $50,000.00 per claim for settlements and defense costs incurred to defend the claims described in Exhibit 'A' hereof.

. . .

5. Partial Release of US Fire. . . . O'Reilly releases US Fire . . . from, and against any and all claims arising from the failure to pay or defend claims under [Policy 5539], including, but not limited to, any claim [sic] breach of contract, vexatious refusal under §375.420 RSMo., or any other statute, for bad faith/good faith and fair dealing, and/or unfair claims practices. This release shall include a release from any statutory penalties or attorneys' fees incurred by O'Reilly with respect to the enforcement of [Policy 5539] and claims in [this lawsuit] relating to the alleged vexatious refusal of US Fire to pay or defend claims under [Policy 5539]. In addition, O'Reilly . . . waives all right to recover, or to claim a right to recover, any attorney fees it has incurred in connection with [this lawsuit] on or before October 1, 2018, with respect to any claim for vexatious refusal to pay or bad faith under [Policy 2271].

6. Reservation of Claims by O'Reilly: Except as specifically stated in Section 5 above, nothing herein shall be deemed to release US Fire or to prohibit O'Reilly from pursuing all other claims against US Fire in [this lawsuit] including, without limitation, (a) the policy limits relating to asbestos claims, and the scope, meaning, applicability or enforceability of any deductible under [Policy 2271], (b) any penalties, damages or attorney fees for bad faith or vexatious refusal to pay or defend claims under [Policy 2271], (c) the scope, meaning, applicability or

> enforceability of any deductible under [Policy 5539], (d) the recovery of attorney fees, expenses and indemnity payments made by O'Reilly . . .

(Doc. 185-5 at 2-4.)

The parties agree that Plaintiff's claims for breach of contract and vexatious refusal under Policy 5539 were released by the Partial Settlement. What remains in Count I is Plaintiff's (1) breach of contract claim under Policy 2271, and (2) vexatious refusal claim under Policy 2271. It is U.S. Fire's position that as a result of the Partial Settlement, the factual basis for these claims under Policy 2271 no longer exist and therefore, U.S. Fire is entitled to summary judgment on Count I.

## II. Legal Standard

A movant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The rule requires summary judgment to be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. Discussion

### A. Choice of Law Analysis

As a threshold issue, the Court must decide which state law applies regarding the rules for construction of insurance contracts since state law controls the substantive issues. *See Interco, Inc. v. Nat'l Sur. Corp.*, 900 F.2d 1264, 1266 (8th Cir. 1990) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Missouri's choice-of-law rules determine which state's law should govern. *Am. Guar. & Liab. Ins. Co. v. United States Fid. & Guar. Co.*, 668 F.3d 991, 996 (8th Cir. 2012) (citing *Brown v. Home Ins. Co.*, 176 F.3d 1102, 1105 (8th Cir. 1999) (a federal court sitting in diversity applies the forum state's choice-of-law principles)). A court need not undertake the choice-of-law inquiry unless a conflict of law is demonstrated. *See Prudential Ins. Co. of Am. v. Kamrath*, 475 F.3d 920, 924 (8th Cir. 2007) (citation omitted). Because neither party raises an actual conflict of applicable law as to Count I, the Court will apply Missouri law.

### B. Plaintiff's Breach of Contract Claim as to Policy 2271

Under Missouri law, the elements of a breach of contract claim are: (1) the existence and terms of a contract, (2) that plaintiff performed or tendered performance pursuant to the contract, (3) breach of the contract by the defendant, and (4) resulting damages suffered by the plaintiff. *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010). "A submissible case in a breach of contract action requires the plaintiff to present substantial evidence to prove" these elements. *United States Neurosurgical, Inc. v. Midwest Div. - RMC, LLC*, 303 S.W.3d 660, 664 (Mo. Ct. App. 2010).

U.S. Fire argues that the Partial Settlement renders moot Plaintiff's breach of contract claim under Policy 2271. U.S. Fire maintains that Plaintiff has no evidence of breach because once the parties entered into the Partial Settlement, U.S. Fire has since complied with the defense and indemnity obligations under Policy 2271. This position is problematic for several reasons. First, the Partial Settlement does not explicitly release U.S. Fire from Plaintiff's breach of contract claim against it as to Policy 2271. Second, U.S. Fire cites no authority to support its position that entry of the Partial Settlement constitutes a negation of a breach. In addition, U.S. Fire admits it incorrectly notified Plaintiff that the limits of Policy 2271 were exhausted and that it then refused to pay defense and indemnity costs for the next five years.

U.S. Fire also maintains that Plaintiff has no evidence of damages because once the parties entered into the Partial Settlement, U.S. Fire has since paid Plaintiff all the amounts Plaintiff seeks as damages under its breach of contract claim under Policy 2271. In response, Plaintiff presents a declaration by Mr. James Enloe indicating that during the five-year period between August 13, 2014, and the Partial Settlement, Plaintiff sustained damages additional to the amount U.S. Fire has reimbursed it per the Partial Settlement. (Doc. 204-1 at ¶¶ 14, 15.) Even if the Court disregarded this evidence of actual damages, lack of proof of actual damages does not suffice to negate the damages element of Plaintiff's breach of contract claim because, under Missouri law, nominal damages are available where a contract and its breach are established. *Shirley's Realty, Inc. v. Hunt*, 160 S.W.3d 804, 808 (Mo. Ct. App. 2005). Therefore, U.S. Fire has not met its burden to show it is entitled to summary judgment as to Plaintiff's breach of contract claim.

### C. Plaintiff's Vexatious Refusal Claim as to Policy 2271

The elements of a vexatious refusal to pay claim are: (1) that plaintiff had an insurance policy with defendant, (2) the defendant refused to pay, (3) defendant's refusal was without

reasonable cause or excuse. *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 457 (Mo. 2006). Under the Missouri vexatious refusal statute,

> where an insurer has refused to pay a claim without reasonable cause or excuse, the court may award damages not greater than 20% of the first $1,500.00 of the loss and 10% of the loss in excess of $1,500.00 together with reasonable attorney's fees, in addition to the amount of recovery [and interest] owing under the policy.

*Morris v. J.C. Penney Life Ins. Co.*, 895 S.W.2d 73, 76 (Mo. Ct. App. 1995) (paraphrasing Mo. Rev. Stat. § 375.420). To prove a claim of vexatious refusal, the insured must show the insurer's refusal to pay the claim was willful and without reasonable cause, as the facts would appear to a reasonable and prudent person. *Id.* Whether an insurer's refusal to pay is "vexatious" is determined by the situation as presented to the insurer at the time it was called on to pay." *Russell v. Farmers & Merchs. Ins. Co.*, 834 S.W.2d 209, 221 (Mo. Ct. App. 1992) (citation omitted). "[A]n insurer that persists in its refusal to pay after it becomes aware that it has no meritorious defense is subject to penalty for vexatious refusal." *Id.* (citation omitted).

U.S. Fire argues that there is no evidence of a refusal to pay or vexatiousness given that it has defended and indemnified the Asbestos Suits tendered by Plaintiff since the Partial Settlement. This argument fails. As stated above, Plaintiff presents evidence that during the five-year period between August 13, 2014, and the Partial Settlement, Plaintiff sustained damages additional to the amount U.S. Fire has reimbursed it per the Partial Settlement. Even if U.S. Fire had paid all actual damages claimed by Plaintiff under Count I, Plaintiff can maintain its vexatious refusal claim for interest and punitive damages.

In addition, examples of evidence of vexatiousness include an unreasonable delay in providing the benefits due under a policy. *See Dhyne*, 188 S.W.3d at 457-58 (rejecting insurer's argument that there was insufficient evidence to find a refusal to pay, in part, because insurer eventually paid); *Merseal v. Farm Bureau Town & Country Ins. Co.*, 396 S.W.3d 467, 473 (Mo. Ct. App. 2013) (citation omitted) (jury may find for plaintiff by finding vexatious delay based on circumstances of the case). "Examples of evidence of vexatiousness [also] include a refusal to pay based on an inadequate investigation[.]" *Russell*, 834 S.W.2d at 221. Here, not only is there evidence of a refusal to pay, genuine issues of material fact remain whether U.S. Fire unreasonably delayed payment and whether U.S. Fire could have learned of the existence of Endorsement 11 after an adequate investigation. Therefore, U.S. Fire has not met its burden to show it is entitled to summary judgment on Plaintiff's vexatious refusal to pay claim.

**IV.     Conclusion**

After careful consideration, U.S. Fire's Motion for Summary Judgment on Count I is **DENIED**.

**IT IS SO ORDERED.**

                                                          s/ Roseann A. Ketchmark
                                                        ROSEANN A. KETCHMARK, JUDGE
                                                        UNITED STATES DISTRICT COURT

DATED:  January 14, 2020